

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 09 CR 617 |
| | ) | Judge Robert W. Gettleman |
| BRIAN J. PERRON | ) | |

ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE

The United States of America, through PATRICK J. FITZGERALD, United States Attorney

for the Northern District of Illinois, moves for entry of a protective order preserving certain property

subject to forfeiture, pursuant to the provisions of 21 U.S.C. § 2253(b), as incorporated by 21 U.S.C.

§ 853, and in support thereof submits the following:

(a)     On September 15, 2009, an indictment was returned charging defendant BRIAN J.

PERRON with knowingly possessing material, namely, a Samsung 500 GB external hard-drive

bearing serial number S1PTJD0S201190 that contained video and still images of child pornography

as defined in 18 U.S.C. § 2256(8)(A), such videos and images having been produced using material

that had been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C.

§ 2252(A)(a)(5)(B);

(b)     Pursuant to the provisions of 18 U.S.C. § 2253(a), the indictment sought forfeiture

to the United States of certain property used or intended to be used in any manner or part to commit

and to promote the commission of said violation.  The property subject to forfeiture includes but is

not limited to:

1.     a Samsung 500 GB external hard-drive bearing serial number
       S1PTJD0S201190 ; and

2.     One HP Pavilion computer bearing serial number CNF 83423KR.

(c)     During the investigation that led to the indictment, agents from the United States Customs and Border Protection ("CBP") seized the foregoing property, as well as other property, namely a Blackberry with Charger; Nokia Cell Phone with Charger; Virgin Mobile Cell Phone with Charger; and a Super Multi CD/DVD Burner[1], and initiated administrative forfeiture proceedings against the property. On September 3, 2009, defendant BRIAN J. PERRON filed claims to contest the administrative forfeiture of the foregoing seized property. On approximately October 27, 2009, CBP referred the case to the United States Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 2254. However, the United States intends to proceed against the  property identified in paragraph (a) above pursuant to the provisions of 18 U.S.C. § 2253(a) as evidenced by the fact that the property claimed has been identified as property subject to forfeiture in the indictment;

(d)     Since the property named in paragraph (a) above is alleged to be subject to forfeiture upon the conviction of the defendant, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed";

(e)     In the event that defendant BRIAN J. PERRON is found guilty of certain offenses charged in the indictment, which are likely to result in the entry of a forfeiture judgment, the statute provides that any property used in any manner or part to commit and to promote the commission of

---

[1]The government will release these items to defendant BRIAN J. PERRON.

said violation, shall be subject to forfeiture. Accordingly, the United States seeks this protective order to preserve the status quo and to secure itself so that, upon the entry of a forfeiture judgment, the United States will be able to satisfy the judgment;

(f)     Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized assets pursuant to 21 U.S.C. § 2253(b), as incorporated by 21 U.S.C. § 853(e)(1), to preserve the availability of the property for forfeiture. 21 U.S.C. § 2253(b), as incorporated by 21 U.S.C. § 853(f), authorizes the issuance of a criminal seizure warrant. However, in cases similar to this case, where the property in question is already in Government custody, it is not appropriate for a court to issue a seizure warrant directing the Government to seize property from itself. *See In Re: 2000 White Mercedes* ML320, 220 F.Supp. 1322 (M.D. Fla. Sept. 25, 2001) ((if property is already in Government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property);

(g)     There is probable cause to believe that defendant BRIAN J. PERRON committed the charged offenses, as alleged more fully in the indictment, and that the foregoing property was used to commit and to promote the commission of said violation and is therefore subject to forfeiture pursuant to the provisions of 18 U.S.C. § 2253(a). This motion for a protective order is brought to preserve the availability of the property for forfeiture until conviction in lieu of a civil forfeiture proceeding pursuant to 18 U.S.C. § 983;

(h)     As set forth in the indictment, the government intends to seek forfeiture of the property named in paragraph (a) above as part of the prosecution of this matter. In order to ensure

3

that the property is available for forfeiture proceedings, the United States must maintain custody of this property. If these items, subject to forfeiture, are not maintained in the government's custody pending the outcome of the any forfeiture proceedings, they are likely to be transferred, concealed or otherwise made unavailable to satisfy the defendant's forfeiture liability. If these seized assets are transferred or concealed, it will be difficult, if not impossible, to trace these items that were used to commit and to promote the commission of said violation. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered by this Court at the time of sentencing;

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.  That, pursuant to 21 U.S.C. § 2253(b), as incorporated by 21 U.S.C. § 853(e)(1) the following items shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendant:

(a)  a Samsung 500 GB external hard-drive bearing serial number S1PTJD0S201190 ; and

(b)  One HP Pavilion computer bearing serial number CNF 83423KR.

ROBERT W. GETTLEMAN
United States District Judge

DATED: December 10th 2009

4